WILLIAM C. HENDEE, RESPONDENT, v. CITY OF WILD-WOOD, IN THE COUNTY OF CAPE MAY, ETC., APPEL-LANT.

Submitted March 21, 1921—Decided June 20, 1921.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"Wildwood is a city which adopted the Walsh act of 1911, and of a population which, under that act, calls for a board of three commissioners. Prosecutor was duly chosen as mayor under section 3 and under section 4 (see *Pamph. L.* 1915, *pp.* 494 *et seq.*), thereby became director of the department of public affairs, with which, by the act, went the department of public safety. The department of revenue and finance was assigned to Commissioner Bright, and the two departments of streets and public improvements and parks and public property to the third commissioner.

"Subsequently, the board, by the resolution brought up by this writ, and over the protest of prosecutor, undertook to

change the statutory arrangement of departments by combining 'public safety' with 'revenue and finance,' thus taking the police department out of the hands of the mayor. For the defendant it is claimed that the act authorizes this course in cities of three commissioners, by the provision found on page 496 (*Pamph. L.* 1915), that 'such designation may be changed whenever it appears that the public service would be benefited thereby.' The question is whether the word 'designation' in this clause refers to the arrangement and grouping of the departments, or to the assignment of the respective commissioners to preside over them.

"An examination of the whole paragraph will show that the words 'designate' and 'designation' are used several times and not with uniform meaning. The board is to 'designate by majority vote' one commissioner to be director of revenue and finance; one of public safety, &c.; but in a three-commissioner board 'but three *departments* shall be *designated,* as above provided, and but three directors voted therefor, and *such designation* may be changed whenever it appears that the public service would be benefited thereby.'

"This language has been construed, authoritatively for present purpose, by this court in *Woolley* v. *Flock,* 92 *N. J. L.* 65, where it was held that the mayor, when chosen, is by the very language of the statute 'designated' director of public affairs, and cannot be deprived of either office by any act of the board, notwithstanding the clause that 'such designation may be changed.' A reading of the opinion will show that the phrase 'such designation' is referred to the assignment of commissioners to departments and that the mayor is excepted from such change in his duties by reassignment, though the other commissioners are not. It is true that Wildwood is a three-commissioner city; but the rule laid down in the Woolley case is applicable generally to all cities under the act. It would be absurd to say that the words 'such designation' refer to the assignment of commissioners to departments in a five-commissioner city, and to the grouping of departments in a city of three commissioners.

"The reasoning and conclusion in *Woolley* v. *Flock* impel

us to hold that in the case at bar the statutory grouping of departments could not be .changed by the board, and hence the resolution brought up, coupling the department of public safety with that of revenue and finance, must be set aside, with costs."

For the appellant, *John Harris* and *Ernest W. Lloyd.*

For the respondent, *Clarence L. Cole.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   11.

*For reversal*—None.